**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5512-17T4

ROBERT J. TRIFFIN,

     Plaintiff-Appellant,

v.

YUM & CHILL MILLTOWN
TB, LLC,

     Defendant-Respondent,

and

RUPAL D. PATEL and NIRAV
MEHTA,

     Defendants.

_____

        Argued December 4, 2019 – Decided December 13, 2019

        Before Judges Haas and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-018657-17.

        Robert J. Triffin argued the cause pro se.

        Respondent has not filed a brief.

PER CURIAM

Plaintiff Robert J. Triffin appeals from the June 18, 2018 order dismissing his complaint against defendants Yum & Chill Milltown TB, LLC, Rupal D. Patel, and Nirav Mehta (collectively defendants) following a bench trial. The judge found that Triffin failed to establish his claim that defendants were liable to him for the face amount of a check they issued to an employee that was subsequently dishonored by a bank.[1]

On appeal, Triffin asserts the judge erred in dismissing his complaint against defendants, and presents the following contentions:

> POINT ONE
>
> THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE RULED AFTER TRIAL THAT A TRANSFER OF FUNDS TO A PAYROLL SERVICE PROVIDER SATISFIES ITS OBLIGATIONS TO A HOLDER IN DUE COURSE.
>
> POINT TWO
>
> THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE ASSUMED MATERIAL FACTS NOT IN EVIDENCE.

---

[1] Triffin purchased the dishonored check from a check cashing company that assigned its right to seek payment of the check to him.

POINT THREE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN HE ASSUMED THE CRITICAL FACT, THAT YUM & CHILL'S CO-DEFENDANT JOHNSON WOULD HAVE TESTIFIED[] THAT SHE FIRST ELECTRONICALLY DEPOSITED HER PAYROLL CHECK BEFORE CASHING IT WITH TRIFFIN'S ASSIGNOR.

Having considered Triffin's contentions in light of the record and applicable legal principles, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5512-17T4